UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUIS MELENDEZ ) | |
| ) | |
| v. ) | Cause No. 3:08-CV-00050 RM |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

OPINION AND ORDER

On January 28, 2008, Luis Melendez filed a document with the court captioned as a petition for habeas corpus under § 2241. Mr. Melendez asks the court for relief of judgment on issues of jurisdiction and arguing that his sentence violates the Fifth Amendment's Double Jeopardy Clause. For the following reasons, the court denies Mr. Melendez's petition.

Regardless of the caption, because Mr. Melendez's petition asks the court to set aside his sentence as unconstitutional, it is substantively within the scope of a § 2255 petition. *See* U.S. v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007); Melton v. U.S., 359 F.3d 855, 857 (7th Cir. 2004) ("no matter what title the prisoner plasters on the cover... it is substance that controls"); *see also* Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000) ("Congress enacted 28 U.S.C. § 2255 to be the vehicle for collateral attacks on convictions and sentences for federal prisoners"). Mr. Melendez's first § 2255 petition was dismissed by this court on October 31, 2005, and the Court of Appeals denied Mr. Melendez's request for a certificate of appealability on April 25, 2006. As such, the court construes Mr. Melendez's current motion as a successive petition. 28 U.S.C. § 2244 provides that

before a second or successive motion is filed with the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Since the court of appeals has not issued such an order, the court has no power to review Mr. Melendez's petition. *See* U.S. v. Carraway, 478 F.3d at 849 (noting that unless the movant seeks and obtains permission from the court of appeals to file a successive § 2255 petition, "the district court is without jurisdiction to entertain [the] request.").

Even if the court had jurisdiction to review Mr. Melendez's petition, an examination of Mr. Melendez's plea agreement reveals that he waived his right to appeal and contest his sentence in a § 2255 proceeding. As noted in the October 31, 2005 order denying Mr. Melendez's first § 2255 petition, Mr. Melendez's plea agreement contains the following language:

> 9(d) . . . I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in . . . this plea agreement. With that understanding, I expressly waive my right to appeal . . . my sentence . . . on any ground . . . I also agree not to contest . . . my sentence . . . or the manner in which . . . the sentence . . . was determined or imposed on any ground . . . in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code, Section 2255.

The waiver in a plea agreement of a right to appeal is enforceable, *see* United States v. Woolley, 123 F.3d 627, 631-632 (7th Cir. 1997); United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997), and a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. *See* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[W]aivers are enforceable as a general rule; the right

to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."); <u>Pratt v. United States</u>, 22 F. Supp. 2d 868, 870 (C.D. Ill. 1998) (holding that an informed and voluntary waiver is generally effective to bar a subsequent § 2255 motion except where "ineffective assistance of counsel negated the knowing or voluntary nature of the waiver itself, the waiver was a product of coercion, or the trial court relied on some constitutionally impermissible factor, e.g., race, in imposing sentence. Under narrow circumstances such as these, the dictates of justice would require that the defendant be allowed to avoid his waiver and pursue collateral relief as if the waiver did not exist.").

    Mr. Melendez makes no claim, in either his first or second § 2255 petition, that his waiver of his right to file a petition was anything but informed and voluntary, nor does he allege that the waiver was a product of coercion. Mr. Melendez waived his right to attack his sentence on any grounds, including those grounds asserted in his successive petition. Accordingly, the court DENIES Mr. Melendez's petition to vacate. [Doc. No. 1).

    SO ORDERED.

    ENTERED: <u>February 4, 2008</u>

                                                 <u>/s/ Robert L. Miller, Jr.</u>
                                                 Chief Judge
                                                 United States District Court